# In the United States Court of Federal Claims
### OFFICE OF SPECIAL MASTERS
No. 16-808V
Filed: June 22, 2022
UNPUBLISHED

| | |
|---|---|
| DOLORES SOLTERO ARIAS,<br><br>                Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>                Respondent. | Special Master Horner<br><br>Damages Decision Based on Proffer; Influenza ("Flu") Vaccine; Guillain-Barre Syndrome ("GBS") |

*Douglas Burdette*, Burdette Law, Sahuarita, AZ, for petitioner.
*Mallori Browne Openchowski*, U.S. Department of Justice, Washington, DC, for respondent.

## DECISION AWARDING DAMAGES[1]

On July 7, 2016, Dolores Soltero Arias filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleges that she suffered "an acute inflammatory demyelinating neuropathy believed to be Guillain-Barre Syndrome ("AIDP/GBS")." (ECF No. 1.)

On October 20, 2020, a ruling on entitlement was issued, finding Petitioner entitled to compensation for GBS. On June 22, 2022, Respondent filed a proffer on award of compensation ("Proffer") indicating Petitioner should be awarded $165,000.00. (ECF No. 77.) In the Proffer, Respondent represented that Petitioner agrees with the proffered award. *Id.* Based on the record as a whole, I find that Petitioner is entitled to an award as stated in the Proffer.

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, I am required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755.

Pursuant to the terms stated in the attached Proffer, **I award Petitioner a lump sum payment of $165,000.00 in the form of a check payable to Petitioner.** This amount represents compensation for all damages that would be available under § 15(a).

The clerk of the court is directed to enter judgment in accordance with this decision.[3]

**IT IS SO ORDERED.**

**s/Daniel T. Horner**
Daniel T. Horner
Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.

# IN THE UNITED STATES COURT OF FEDERAL CLAIMS
## OFFICE OF SPECIAL MASTERS

| | |
|---|---|
| DOLORES SOLTERO ARIAS, | ) |
| Petitioner, | ) |
| v. | ) No. 16-808V |
| | ) Special Master Horner |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | ) |
| Respondent. | ) |

### RESPONDENT'S PROFFER ON AWARD OF COMPENSATION

**I.    Compensation for Vaccine Injury-Related Items**

On July 7, 2016, Dolores Soltero Arias ("petitioner") filed a petition under the National Childhood Vaccine Injury Act of 1986, 42 U.S.C. §§ 300aa-1 to -34, as amended ("Vaccine Act" or "Act"), alleging that she suffered Guillain-Barre Syndrome ("GBS") that was allegedly caused-in-fact by an influenza ("flu") vaccination administered on November 16, 2015. *See* Petition at *Introduction*. On February 17, 2017, respondent filed his Vaccine Rule 4(c) report, contesting that entitlement to compensation was appropriate under the terms of the Vaccine Act. ECF Document ("Doc.") No. 24. On June 24, 2020, the Special Master advised the parties that he intended to resolve this case "based on the written record pursuant to Vaccine Rule 8(d)," and directed the parties to file simultaneous briefs supporting their respective positions. Doc. 57. Following review of the parties' September 18, 2020 submissions, on October 20, 2020, the Special Master issued a Ruling on Entitlement, finding that petitioner was entitled to vaccine compensation. Doc. 64.

Based on the evidence of record, respondent proffers that petitioner should be awarded $165,000.00.[1] This amount represents all elements of compensation to which petitioner would be entitled under 42 U.S.C. § 300aa-15(a).[2] Petitioner agrees.

## II.     Form of the Award

The parties recommend that compensation provided to petitioner should be made through a lump sum payment of **$165,000.00**, in the form of a check payable to petitioner. Petitioner agrees.

Petitioner is a competent adult. Evidence of guardianship is not required in this case.

Respectfully submitted,

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

C. SALVATORE D'ALESSIO
Acting Director
Torts Branch, Civil Division

HEATHER L. PEARLMAN
Deputy Director
Torts Branch, Civil Division

LARA A. ENGLUND
Assistant Director
Torts Branch, Civil Division

---

[1] The parties have no objection to the amount of the proffered award of damages. However, respondent reserves his right, pursuant to 42 U.S.C. § 300aa-12(e), to seek review of the Special Master's October 20, 2020 entitlement decision.

[2] Should petitioner die prior to entry of judgment, the parties reserve the right to move the Court for appropriate relief. In particular, respondent would oppose any award for future lost earnings and future pain and suffering.

s/ *Mallori B. Openchowski*
MALLORI B. OPENCHOWSKI
Trial Attorney
Torts Branch, Civil Division
U.S. Department of Justice
P.O. Box 146, Ben Franklin Station
Washington, DC 20044-0146
Tel.:  (202) 305-0660
mallori.b.openchowski@usdoj.gov

DATED:  June 22, 2022