# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
Filed: April 10, 2023

| | | |
|---|---|---|
| * * * * * * * * * * * * * | * | UNPUBLISHED |
| DOLORES SOLTERO ARIAS, | * | No. 16-808V |
|  | * | Special Master Horner |
| Petitioner, | * | |
|  | * | |
| v. | * | |
|  | * | |
| SECRETARY OF HEALTH | * | Attorneys' Fees and Costs |
| AND HUMAN SERVICES, | * | |
|  | * | |
| Respondent. | * | |
| * * * * * * * * * * * * * | | |

*Douglas Lee Burdette*, Burdette Law, Sahuarita, AZ, for Petitioner.
*Mallori B. Openchowski*, United States Department of Justice, Washington, DC, for Respondent.

### DECISION ON ATTORNEYS' FEES AND COSTS[1]

On July 7, 2016, Dolores Arias ("petitioner") filed a claim under the National Childhood Vaccine Injury Act, 42 U.S.C. § 300aa-10-34 (2012).[2] Petitioner alleged that she developed an acute inflammatory demyelinating neuropathy believed to be Guillain-Barré syndrome following her receipt of an influenza vaccination on November 16, 2015. (ECF No. 1). On June 22, 2022, the parties filed a proffer, which I adopted as my decision awarding compensation on the same day. (ECF No. 78).

On September 16, 2022, petitioner filed an application for attorneys' fees and costs. (ECF No. 83) ("Fees App."). Petitioner requests total attorneys' fees and costs in the amount of $53,940.87, representing $38,722.90 in attorneys' fees and $15,217.97 in costs. Pursuant to General Order No. 9, petitioner has indicated that she has not personally incurred any costs in

---

[1] I intend to post this Ruling on the United States Court of Federal Claims' website. **This means the Ruling will be available to anyone with access to the Internet**. In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access. Because this unpublished ruling contains a reasoned explanation for the action in this case, I am required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services).

[2] National Childhood Vaccine Injury Act of 1986, Pub L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

pursuit of this litigation. Fees App. Ex. 5. Respondent filed a response on September 19, 2022, indicating that he "is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case." Response at 2. (ECF No. 84). Petitioner did not file a reply thereafter.

This matter is now ripe for consideration.

I.      **Reasonable Attorneys' Fees and Costs**

Section 15(e) (1) of the Vaccine Act allows for the Special Master to award "reasonable attorneys' fees, and other costs." § 300aa–15(e)(1)(A)–(B). Petitioners are entitled to an award of reasonable attorneys' fees and costs if they are entitled to compensation under the Vaccine Act, or, even if they are unsuccessful, they are eligible so long as the Special Master finds that the petition was filed in good faith and with a reasonable basis. *Avera v. Sec'y of Health & Human Servs.*, 515 F.3d 1343, 1352 (Fed. Cir. 2008). Here, because petitioner was awarded compensation pursuant to a proffer, she is entitled to a final award of reasonable attorneys' fees and costs.

The Federal Circuit has approved the lodestar approach to determine reasonable attorneys' fees and costs under the Vaccine Act. *Avera v. Sec'y of Health & Human Servs.*, 515 F.3d 1343, 1347 (Fed. Cir. 2008). This is a two-step process. *Id.* at 1347-48. First, a court determines an "initial estimate . . . by 'multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate.'" *Id.* (quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1984)). Second, the court may make an upward or downward departure from the initial calculation of the fee award based on specific findings. *Id.* at 1348.

It is "well within the special master's discretion" to determine the reasonableness of fees. *Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521–22 (Fed. Cir. 1993); *see also Hines v. Sec'y of Health & Human Servs.*, 22 Cl. Ct. 750, 753 (1991). ("[T]he reviewing court must grant the special master wide latitude in determining the reasonableness of both attorneys' fees and costs."). Applications for attorneys' fees must include contemporaneous and specific billing records that indicate the work performed and the number of hours spent on said work. *See Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 313, 316–18 (2008). Such applications, however, should not include hours that are "'excessive, redundant, or otherwise unnecessary.'" *Saxton*, 3 F.3d at 1521 (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)).

Reasonable hourly rates are determined by looking at the "prevailing market rate" in the relevant community. *See Blum*, 465 U.S. at 894-95. The "prevailing market rate" is akin to the rate "in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Id.* at 895, n.11. Petitioners bear the burden of providing adequate evidence to prove that the requested hourly rate is reasonable. *Id.*

Special masters can reduce a fee request *sua sponte*, without providing petitioners notice and opportunity to respond. *See Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 209 (Fed. Cl. 2009). When determining the relevant fee reduction, special masters need not engage in a line-by-line analysis of petitioners' fee application. *Broekelschen v. Sec'y of Health & Human Servs.*, 102 Fed. Cl. 719, 729 (Fed. Cl. 2011). Instead, they may rely on their experience with the Vaccine Program to determine the reasonable number of hours expended. *Wasson v. Sec'y of Dep't*

*of Health & Human Servs.*, 24 Cl. Ct. 482, 484 (1991), *rev'd on other grounds and aff'd in relevant part*, 988 F.2d 131 (Fed. Cir. 1993). Just as "[t]rial courts routinely use their prior experience to reduce hourly rates and the number of hours claimed in attorney fee requests . . . Vaccine program special masters are also entitled to use their prior experience in reviewing fee applications." *Saxton*, 3 F.3d at 1521.

### a. Hourly Rates

Petitioner requests the following hourly rates for the work of her counsel: for Mr. Douglas Lee Burdette, $400.00 per hour for work performed from 2016-2022; and for Ms. Kelly Burdette, $275.00 per hour for work performed from 2016-2022. These rates are consistent with what counsel have previously been awarded for their Vaccine Program work and I find them to be reasonable herein for work performed in the instant case.

### b. Hours Expended

Attorneys' fees are awarded for the "number of hours reasonably expended on the litigation." *Avera*, 515 F.3d at 1348. Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton*, 3 F.3d at 1521. While attorneys may be compensated for non-attorney-level work, the rate must be comparable to what would be paid for a paralegal or secretary. *See O'Neill v. Sec'y of Health & Human Servs.*, No. 08–243V, 2015 WL 2399211, at *9 (Fed. Cl. Spec. Mstr. Apr. 28, 2015). Clerical and secretarial tasks should not be billed at all, regardless of who performs them. *See, e.g.*, *McCulloch*, 2015 WL 5634323, at *26.

Upon review, the overall number of hours billed appears to be reasonable. I have reviewed the billing entries and find that they adequately describe the work done on the case and the amount of time spent on that work. I do not find any of the entries to be objectionable, nor has respondent identified any as such. Petitioner is therefore awarded final attorneys' fees of $38,722.90.

### c. Attorneys' Costs

Like attorneys' fees, a request for reimbursement of attorneys' costs must be reasonable. *Perreira v. Sec'y of Health & Human Servs.*, 27 Fed. Cl. 29, 34 (Fed. Cl. 1992). Petitioner requests a total of $15,217.97 in attorneys' costs. This amount is comprised of acquisition of medical records, the Court's filing fee, postage, and work performed by two medical experts, Dr. Olen Brown and Dr. Mary Reif. Fees App. Ex. 4. Upon review, I note that Dr. Reif billed her time at different hourly rates, billing $400.00 per hour for some tasks and $750.00 per hour for others. The Vaccine Program does not differentiate between tasks when assessing a reasonable hourly rate for medical experts and $750.00 exceeds what Program awards experts absent extraordinary circumstances. In this case, petitioner has not offered any justification for Dr. Reif receiving such a high hourly rate. I therefore find it reasonable to compensate Dr. Reif at $400.00 for all work she performed in this case. Application of this rate results in a reduction of $1,837.50. Petitioner is therefore awarded final costs totaling $13,380.47.

## II. Conclusion

In accordance with the Vaccine Act, 42 U.S.C. § 300aa-15(e) (2012), I have reviewed the billing records and costs in this case and finds that petitioner's request for fees and costs is reasonable. I find it reasonable to compensate petitioner and his counsel as follows: **a lump sum in the amount of $52,103.37, representing reimbursement for petitioner's attorneys' fees and costs, in the form of a check payable to petitioner and petitioner's counsel, Mr. Douglas Lee Burdette.**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of the Court shall enter judgment in accordance herewith.[3]

**IT IS SO ORDERED.**

s/Daniel T. Horner<br>Daniel T. Horner<br>Special Master

---

[3] Entry of judgment can be expedited by each party's filing of a notice renouncing the right to seek review. Vaccine Rule 11(a).